UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK BURNS, ) | |
| ) | |
| Plaintiff, ) | No. 16 C 8331 |
| ) | |
| v. ) | Magistrate Judge M. David Weisman |
| ) | |
| NANCY A. BERRYHILL,[1] Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Frank Burns filed this action seeking reversal of the Commissioner's denial of disability insurance benefits under Title II of the Social Security Act ("Act"). 42 U.S.C. §§ 405(g) et seq. The parties consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 638(c). (Dkt. 7.) For the reasons set forth below, the Court grants Plaintiff's motion for summary judgment.

**Determining a Disability under the Act**

A claimant must show a disability under the Act in order to obtain disability insurance benefits. *York v. Massanari*, 155 F. Supp. 2d 973, 978 (N.D. Ill. 2001). To do so, a claimant must establish the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited May 24, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations provide a five-step, sequential inquiry to determine whether a claimant suffers from a disability: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether she has a severe impairment or combination of impairments; (3) if so, whether her impairment meets or equals any impairment enumerated in the regulations; (4) if not, whether she has the residual functional capacity to perform her past relevant work; and (5) if not, whether she can perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). "The burden of proof is on the claimant through step four; only at step five does the burden shift to the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## Procedural History

Plaintiff filed his application for Disability Insurance Benefits on October 29, 2013 alleging disability beginning October 13, 2010. (R. 75.) His application was initially denied, and again upon reconsideration. (*Id*. at 84, 97.) Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on May 15, 2016. (*See id*. at 18.) The ALJ denied Plaintiff's application, finding that Plaintiff was not disabled for purposes of the Social Security Act. (*Id*. at 28.)

The Court does not review the medical record in detail but in sum, Plaintiff alleges he is disabled due to pain in his upper right and left extremities, specifically, his shoulder, elbow, and wrist on the right side, and his elbow on the left side. (R. 390-92, 556.) Applying the five-step analysis, the ALJ first determined that Plaintiff did not engage in substantial gainful activity from the alleged onset date through the date he was last insured. (R. at 20.) At step two, the

ALJ found Plaintiff's dysfunction of major joints and carpal tunnel syndrome constituted severe impairments. (*Id*.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id*. at 21.)

The ALJ next evaluated Plaintiff's residual functional capacity ("RFC") and determined Plaintiff can perform medium work as defined in 20 CFR § 404.1567(c)[2] with the exception that Plaintiff should never climb ladders, ropes, or scaffolds. (R. 22.) Additionally, the ALJ found that the Plaintiff can frequently reach overhead with the right upper extremity. (*Id*.) On consideration of Plaintiff's RFC, the ALJ found at step four that Plaintiff could still perform his past relevant work as a heavy equipment mechanic. (*Id*. at 27.) The ALJ further concluded that his work as a heavy equipment mechanic did not require the performance of work-related activities precluded by the claimant's RFC. (*Id*.) Accordingly, the ALJ held that Plaintiff lacked a cognizable disability as delineated by the Act. (*Id*. at 28.)

The Appeals Council declined Plaintiff's request for review of the ALJ's decision. (*Id*. at 3). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the Commissioner's final decision. *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007).

**Standard of Review**

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Act. In reviewing this decision, the Court may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 CFR § 404.1567

3

questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id*. The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id*. (citing 42 U.S.C. § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) ("We will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citations omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citations omitted). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (citation omitted). Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a "'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

**Discussion**

Plaintiff asserts that the ALJ's decision is not supported by substantial evidence because the ALJ (1) improperly assessed Plaintiff's subjective symptoms; (2) improperly evaluated Plaintiff's RFC; and (3) failed to make the required finding of fact in determining Plaintiff could perform his past work. (Pl's. Mem. at 9-14.) The Court addresses Plaintiff's arguments below.

In determining whether a claimant is disabled, the ALJ must consider all "symptoms, including pain, and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 202.1529. In the spring of 2016, the Social Security Administration ("SSA") "updated its guidance about how to evaluate symptoms in disability claims by issuing SSR 16-3p. The new ruling eliminates the term 'credibility' from the SSA's sub-regulatory policies to 'clarify that subjective symptom evaluation is not an examination of the individual's character.'" *McCammond v. Colvin*, No. 15 C 6589, 2016 WL 3595736, at *2 (N.D. Ill. July 5, 2016). A Court will only overturn an ALJ's credibility determination if it is "patently wrong." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) (internal quotations omitted). To avoid reversal the ALJ "must adequately explain his credibility finding by discussing specific reasons supported by the record. A failure to do so could also be grounds for reversal." *Id*. (internal citations omitted)

The ALJ found that the nature of Plaintiff's reported activities were inconsistent with the allegations of disabling symptoms made in connection with his application for several reasons. (R. 23.) First, the ALJ found that Plaintiff's daily living activities were not supportive of his allegations of total disability. (*Id*.) Among other things, the ALJ found that Plaintiff could cook simple meals, such as eggs; drive a car; handle money; spend time with others; and follow instructions somewhat well. (*Id*.) Plaintiff argues that the ALJ did not explain how any of the

5

noted activities were inconsistent with any of Plaintiff's specific reported symptoms or limitations. (*See* Pl.'s Mem. at 6.) First, the Court notes, and Plaintiff correctly argues, it is well established that there are critical differences between activities of daily living and activities in a full time job. (*See id.*) (citing *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also Scrogham v. Colvin*, 765 F.3d 685, 700 (7th Cir. 2014) ("'[S]poradic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity.'") (citing *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993)). Nonetheless, an ALJ can still consider daily activities as a factor when assessing a claimant's symptoms.

As stated above, the Court's job is "not [to] displace the ALJ's judgment by reweighing the facts or by making independent credibility determinations" but instead we must determine "whether the ALJ articulated an accurate and logical bridge from the evidence to her conclusions." *McCammond v. Colvin*, No. 15 C 6589, 2016 WL 3595736, at *2 (N.D. Ill. July 5, 2016) (internal quotations and citations omitted). Here, the ALJ provided no explanation as to why Plaintiff's ability to prepare simple meals, handle money, or spend time with others is inconsistent with his alleged disabling symptoms or equates to an ability to carry out medium level work. Therefore, the Court has no way of determining whether the ALJ's "bridge" from this evidence to his conclusion was logical.

Notably, the ALJ neglected to include Plaintiff's germane testimony that he can only "kind of" handle making eggs and cannot lift a pot with his right arm. (R. 51.) The ALJ also failed to consider Plaintiff's testimony that he needs his wife's assistance in order to dress, shower, and bathe because he is unable to wash his hair and back. (*Id.*) Had the ALJ considered Plaintiff's testimony in its entirety, the ALJ would have likely considered these statements to be *consistent* with Plaintiff's testimony that he has "pain and issues with his right dominate arm, . . .

6

[which] causes ongoing problems with activities of daily living including dressing, hygiene . . . difficulty using his hands to open jars, [and] pick things up." (R. 23.) Significantly, Plaintiff's explanation as to accommodations that he employs in daily living activities but would be unable to rely on in a work setting is the precise reason why the Seventh Circuit has cautioned ALJ's not to analogize the ability to engage in daily living activities with a lack of a work disability. *See Bjornson*, 671 F.3d at 647 ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")

The ALJ further found that Plaintiff's statement that he has difficulty lifting anything greater than 10 pounds with the right hand, but can lift fifty to sixty pounds repetitively with the left, to be inconsistent. The ALJ did not explain why Plaintiff's differing lifting abilities amount to an inconsistency thus making it impossible for the Court to conduct a meaningful review. *See Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (stating that "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues"); *see also Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) ("In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review.") Indeed, the Plaintiff's testimony that he has a significant difference in his right and left hand strength is absolutely consistent with Plaintiff's claim of disability. While we do not preclude the possibility that Plaintiff's testimony on this point could somehow support an adverse credibility finding, a significantly more robust explanation on this point is necessary to

allow an appropriate assessment of the "logical bridge" that the ALJ is drawing from this testimony and the adverse credibility finding the ALJ suggests.

The ALJ also noted inconsistences in Plaintiff's statements regarding his ability to do yard work. The ALJ found that during the alleged period of disability, Plaintiff reported he was able to mow the lawn with a riding lawn mower even though he testified that he does not do yard work. (R. 23.) The ALJ, however, failed to include Plaintiff's testimony that he only uses his lawnmower "once in a while" and when he does, it takes him almost an hour or two to complete the task. (R. 51-52.) *See Sprague v. Colvin*, 2017 U.S. Dist. LEXIS 1358, Case No. 1:15-cv-214, at \*26 (N.D. Ind. Jan. 5, 2017) ("The ALJ is not permitted to cherry-pick from the evidence and select only those facts which support her conclusion."). Moreover, Plaintiff stated that he can only mow sections at a time of his quarter acre lawn due to pain in his left arm, as he is unable to use his right arm. (R. at 52.) Even if the foregoing amounted to an inconsistency, and the Court believes it does not, the ALJ provides no explanation as to why Plaintiff's testimony about yard work is inconsistent with Plaintiff's alleged disabling symptoms.

Additionally, the ALJ noted that Plaintiff testified that he used the treadmill for about fifteen minutes despite reporting in his disability application that he could only walk up to fifty feet before needing to stop. (*See* R. 23; Def.'s Mot. at 5.) However, once again, the ALJ forgot to include relevant excerpts of Plaintiff's testimony. Plaintiff reported that he walks on the treadmill per his therapist's instructions. (*See* R. 56 ("My therapist told me to take it easy basically… Do not do anything… Do your exercises… Do your treadmill.")) The Court does not find that Plaintiff's ability to walk on the treadmill for fifteen minutes for treatment purposes inconsistent with his reported symptoms and limitations. *See Jones v. Colvin*, Case No. 14-cv-111-CJP, 2015 U.S. Dist. LEXIS 13782, at \*22 (S.D. Ill. Feb. 5, 2015) ("[T]he Seventh Circuit

8

has held that rehabilitative efforts such as walking 'are not necessarily transferrable to a work setting with regard to the impact of pain.'") (citing *Scrogham v. Colvin*, 765 F. 3d 685, 701 (7th Cir. 2014)).

Finally, the ALJ found Plaintiff's testimony that Plaintiff was able to replace a hydraulic line for his neighbor to be inconsistent. While the ALJ did consider Plaintiff's pain the following day, the ALJ failed to include Plaintiff's testimony that it took him about two hours to complete what should have been a twenty-minute job and that the job "jacked [him] all up." (R. at 53-54). Additionally, Plaintiff explained he had to use a wrench in lieu of a power "impact" tool to complete the job because he is no longer able use an impact tool. (*Id.*) According to his testimony, Plaintiff used an impact tool "all the time" during his previous employment as a mechanic. (*Id.*) Thus, contrary to the ALJ's opinion, Plaintiff's testimony *supports* his alleged symptoms. That fact and the ALJ's failure to explain why Plaintiff's testimony is at odds with his reported symptoms or explain how it suggests Plaintiff is able to perform medium level work, requires reversal.

## Conclusion

The Court finds that the ALJ improperly assessed Plaintiff's subjective symptoms by omitting pertinent testimony and failing to sufficiently explain his credibility analysis. Because the Court finds the ALJ's opinion deficient on the basis of his credibility analysis alone, the Court denies the Commissioner's motion for summary judgment [21], grants plaintiff's motion for summary judgment [14], reverses the Commissioner's decision, and remands this case for a reevaluation of Plaintiff's credibility and a reassessment of other issues that are informed by that evidence.

SO ORDERED.                                    ENTERED:  August 4, 2017


_M. David Weisman_

_____

  M. David Weisman
United States Magistrate Judge